# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| VARNADOR SUTTON, | : | |
| BOP REG. NO. 59257-019, | : | MOTION TO RETURN |
| Petitioner, | : | PROPERTY |
| | : | FED. R. CRIM. P. 41(g) |
| v. | : | |
| | : | CIVIL ACTION NO. |
| UNITED STATES OF AMERICA, | : | 1:10-CV-1978-RWS |
| Respondent. | : | |

## <u>ORDER AND OPINION</u>

Petitioner Varnador Sutton ("Petitioner") is a federal inmate currently confined at the United States Penitentiary in Atlanta, Georgia.  Petitioner has filed a "Motion for Return of Property," pursuant to Fed. R. Crim. P. 41(g).  (Doc. 1.)

By way of background, on March 14, 2008, Petitioner was convicted in the United States District Court for the Southern District of Indiana of medicaid fraud, in violation of 18 U.S.C. § 1347.  *United States v. Sutton*, Criminal Indictment No. 1:07-CR-0086-LJM-KPF-1.    Petitioner was sentenced to 120 months imprisonment, two years of supervised release, and ordered to pay $3,288,347.94 in restitution.  *Id.*, Doc. 115.  Petitioner's appeal is currently pending in the United States Court of Appeals for the Seventh Circuit.  *Id.*, Doc. 121; *United States v. Sutton*, Case No. 09-4140 (7th Cir.)  During Petitioner's criminal proceedings, his

assets, located in the Northern District of Georgia, were seized and ordered forfeited. *Id.*, Docs. 27, 43, and 74.

Petitioner contends that the seizure of his assets was accomplished with a seizure warrant that violates Fed. R. Crim. P. 41(b)(2). (Doc. 1, throughout.) Because the assets are located in the Northern District of Georgia, Petitioner maintains that this Court has jurisdiction over his seized property. (*Id.* at 1.)

Pursuant to Fed. R. Crim. P. 41(g), "[a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return" by filing a motion to return property. The motion to return property "must be filed in the district where the property was seized." Fed. R. Crim. P. 41(g).

The United States Court of Appeals for the Eleventh Circuit has stated that subject-matter jurisdiction and, relatedly, venue for filing a motion to return property lies in the district court that ordered the seizure of the property and not the district where the property is physically located. *United States v. Martinez*, 241 F.3d 1329, 1330-31 (11th Cir. 2001); *Pegg v. United States*, 147 F. App'x 886, 887 (11th Cir. 2005) (unreported opinion). Consequently, jurisdiction and venue lie in the Southern District of Indiana, and, therefore, this action should be dismissed.

2

*Johansen v. Combustion Engineering, Inc.*, 170 F.3d 1320, 1328 n.4 (11th Cir. 1999) ("A federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises."); *Pegg*, 147 F. App'x at 877 (affirming dismissal of motion to return property for lack of jurisdiction and improper venue).

**IT IS ORDERED** that this Fed. R. Crim. P. 41(g) motion to return property is **DENIED** for lack of subject-matter jurisdiction and that this action is **DISMISSED**.  For the purpose of dismissal only, Petitioner is **GRANTED** leave to file this action *in forma pauperis*.  Petitioner's Motion for Partial Summary Judgment [2] is **DENIED, as moot**.

**IT IS SO ORDERED**, this  29th  day of July, 2010.


**RICHARD W. STORY**
United States District Judge